CSC

FILED

08 APR -9 AM 9:36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Manuel LOPEZ-Doriga**<br><br>Defendant. | Magistrate Case No. '08 MJ 1088<br><br>COMPLAINT FOR VIOLATION OF<br><br>Title 8, U.S.C., Section 1324(a)(2)(B)(iii)-<br>Bringing in Illegal Aliens Without Presentation |

The undersigned complainant being duly sworn states:

On or about **April 7, 2008**, within the Southern District of California, defendant **Manuel LOPEZ-Doriga**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Sandy PEREZ-Ruvalcaba**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **9th** day of **April, 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Sandy PEREZ-Ruvalcaba** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On April 7, 2008, at about 11:25 p.m., **Manuel LOPEZ-Doriga (Defendant)** was waiting to make application for admission to the United States via the vehicle primary lanes at the San Ysidro, California Port of Entry. Defendant was the driver of a 1988 Dodge Caravan. While conducting pre-primary roving operations, a Customs and Border Protection (CBP) Officer of the Anti-Terrorism Contraband Enforcement Team approached Defendant and initiated an inspection. Defendant presented an I-551 (Permanent Resident Card) bearing the name Jose P. Cisneros Perez, gave two negative customs declarations and stated he was going to San Ysidro, California. The CBP Officer requested keys to the vehicle and Defendant handed him a single key. The CBP Officer questioned Defendant regarding ownership of vehicle and Defendant stated he was the owner of the vehicle and produced a vehicle registration upon the officer's request. The CBP Officer conducted a cursory inspection of the vehicle and noticed that the fuel tank tapped solid. The CBP Officer then examined the location of the spare tire which appeared to be unusually closer to the ground. Defendant and the vehicle were escorted to secondary for further inspection.

In secondary, Defendant was determined to be an impostor to the Permanent Resident Card. An inspection of the vehicle revealed two human beings concealed in two separate compartments within the vehicle. One male was extracted from a special built compartment located in the fuel tank affixed to the undercarriage. Access to the compartments was gained by removing the two rear rows of passenger seats. A metal access door was located on the floor and lifted in order to free the trapped male. The quarter panel side wall was forcefully pulled forward from the interior of the vehicle, revealing a trapped female inside a modified compartment. Defendant and the two individuals found concealed within the vehicle were determined to be citizens of Mexico without legal documents to enter the United States. The female passenger was retained as a material witness and is now identified as **Sandy PEREZ-Ruvalcaba (Material Witness).**

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted he was aware of at least one concealed alien inside the vehicle. Defendant admitted he agreed to drive and deliver the vehicle with concealed aliens to a location in San Ysidro, California and was to receive a payment of $250.00 USD for the smuggling act.

On a separate videotaped interview, Material Witness admitted she is a citizen of Mexico without legal documentation to enter into United States. Material Witness admitted she made smuggling arrangements with an unidentified male and agreed to pay a fee of $5,000.00 USD to be smuggled into the United States. Material Witness admitted she was going to Santa Ana, California to seek residency and employment.